IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBORAH ANN SMITH, | ) | 8:12CV226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PAY PAL, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff filed her Complaint in this matter on June 29, 2012.  (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis.  (Filing No. 7.)  The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  SUMMARY OF COMPLAINT**

    Plaintiff filed her Complaint in this matter against her employer, Paypal, Inc., and seven individual Paypal employees.  (Filing No. 1 at CM/ECF p. 1.)  Plaintiff seeks relief under the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"), and also asserts a claims of retaliation under the ADA.  (*Id.* at CM/ECF p. 14.)

    Condensed and summarized, Plaintiff alleges that, since 2006, she has suffered from breast cancer and its complications, "severe depression," and "PTSD."  (*Id.* at CM/ECF pp. 2-3.)  As a result, Plaintiff had several surgeries and missed extensive periods of work.  Since returning to work, Defendants have subjected her to hostility and harassment, provided insufficient training, have "manipulated" her work productivity statistics, changed her work department, and ultimately demoted her. (*Id.* at CM/ECF pp. 3-13.)  When Plaintiff brought this mistreatment to Defendants' attention by filing a charge of discrimination, they retaliated against her with

additional harassment and negative department changes, and placed her on a "performance improvement plan" even though her performance was satisfactory. (*Id.* at CM/ECF pp. 10-13.) Plaintiff states that she filed a charge of discrimination with the Nebraska Equal Opportunity Commission ("NEOC"), which issued Plaintiff a right to sue letter. (*Id.* at CM/ECF pp. 15, 17, 30-31.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

*A.  ADA Claims*

As set forth in the ADA:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).  An employee seeking relief under the ADA must establish that: "[s]he was a disabled person within the meaning of the ADA, that [s]he was qualified to perform the essential functions of the job, and that [s]he suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination." *Kozisek v. Cnty. of Seward, Neb.*, 539 F.3d 930, 934 (8th Cir. 2008).  Further, a person is disabled within the meaning of the ADA only if she demonstrates that she has a physical or mental impairment which substantially limits one or more of her major life activities, that she has a record of such an impairment, or that she is regarded as having such an impairment.  *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999).  "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'"  *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(i)).  Regarding a retaliation claim, "a plaintiff must demonstrate (1) that he engaged in a statutorily protected activity, (2) that an adverse action was taken against him, and (3) a causal connection between the adverse action and the protected activity."  *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1074 (8th Cir. 2006) (quotation omitted).

3

Here, Plaintiff alleges she has disabilities, including cancer and related issues, severe depression, and PTSD, that limited her major life activity of working. (Filing No. 1 at CM/ECF p. 2.) In addition, Plaintiff alleges that despite her disabilities, she could, and did, sufficiently perform her job after returning from disability leave. However, Defendants subjected her to various adverse employment actions including demotion, the denial of raises, and placing her on a "performance improvement plan" without reason. (*Id.*) Further, Plaintiff alleges that she engaged in a protected activity by filing her charge of discrimination with the NEOC, and suffered additional adverse employment actions as a result. (*Id.*) Liberally construed, and at this early stage, Plaintiff has alleged sufficient facts to nudge her ADA claim and her retaliation claim across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### B.  ADEA Claim

The ADEA prohibits employers from discriminating against employees on the basis of age. 29 U.S.C. § 623(a)(1). To establish a prima facie claim of age discrimination, a plaintiff must show she (1) was at least forty years old; (2) was terminated, demoted, or otherwise subjected to an adverse employment action; (3) was meeting the employer's reasonable expectations at the time of the action; and (4) was replaced by someone substantially younger. *Mayer v. Nextel West Corp.*, 318 F.3d 803, 807 (8th Cir. 2003); *see also Haas v. Kelly Servs., Inc.*, 409 F.3d 1030, 1035 (8th Cir. 2005); *Fisher v. Pharmacia & Upjohn*, 225 F.3d 915, 919 (8th Cir. 2000). In addition, a plaintiff must show "intentional discrimination against the plaintiff on account of the plaintiff's age." *Rothmeier v. Investment Advisers, Inc.*, 85 F.3d 1328, 1331 (8th Cir. 1996). A plaintiff can prove intentional discrimination by either presenting direct evidence of discrimination based on age or by presenting circumstantial evidence. *Id.* at 1332 (citations omitted).

4

Plaintiff alleges that she is over the age of 40. (Filing No. 1.) Further, Plaintiff alleges that she met the qualifications of her position and performed it adequately. (*Id.*) However, because of her age, Plaintiff suffered various adverse employment actions including demotion, failure to receive raises, and other adverse actions. (*Id.*) Defendants are all substantially younger than Plaintiff and younger employees were not subjected to these, or similar, adverse employment actions. (*Id.*) As with her other claims, Plaintiff's allegations are sufficient to nudge her ADEA claims across the line from conceivable to plausible. Again, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims, as set forth in this Memorandum and Order, against Defendants may proceed and service is now warranted.

2. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send EIGHT (8) summons forms and EIGHT (8) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

5

4.     Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.     Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6.     The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**December 26, 2012**: Check for completion of service of summons."

7.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

8.     Plaintiff's Motion for Representation for Attorney (filing no. 6) is denied.

DATED this 28th day of August, 2012.

6

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.